No. 91–1292 (A–581). HAITIAN REFUGEE CENTER, INC., ET AL. *v.* BAKER, SECRETARY OF STATE, ET AL. (two cases). C. A. 11th Cir. Application for stay of mandates, presented to JUSTICE KENNEDY, and by him referred to the Court, denied. Certiorari denied.

JUSTICE STEVENS, respecting the denial of certiorari.

It is important to emphasize that the denial of the petition for writ of certiorari is not a ruling on any of the unsettled and important questions of law presented in the petition. See *Singleton* v. *Commissioner,* 439 U. S. 940, 942 (1978) (STEVENS, J., respecting denial of certiorari).

JUSTICE THOMAS, respecting the denial of certiorari.

On January 31, 1992, I voted to deny the Government's application to stay the District Court's injunctions in this case because, in my view, the petitioners deserved the additional 24 hours they had requested for the purpose of taking depositions and filing a response. *Ante*, p. 1083. The petitioners have since briefed the merits of their petition for certiorari, and I now conclude that under the standards this Court has traditionally employed, cf. this Court's Rule 10.1, the petition should be denied.

The affidavits filed throughout this litigation have sought to describe the conditions in Haiti and the treatment the returnees have received there. I am deeply concerned about these allegations. However, this matter must be addressed by the political branches, for our role is limited to questions of law. Because none of the legal issues presented in this petition provides a basis for review, I join the Court's denial of certiorari.

JUSTICE BLACKMUN, dissenting from denial of certiorari.

The world has followed with great concern the fate of thousands of individuals who fled Haiti in the wake of that country's September 1991 military coup. As the complex procedural history of this case reveals, the legal issues surrounding the rights of Haitians interdicted on the high seas by the United States Coast Guard have deeply divided the four federal judges who have considered their claims. Each of the issues presented—whether the United States Government is violating the First Amendment by denying lawyers from the Haitian Refugee Center a right of access to the Haitians held at Guantanamo Bay; whether international or domestic law affords the Haitians a substantive right not to be returned to a country where they face possible persecution; and whether the Haitians may challenge the adequacy of procedures employed by the United States Government to identify those facing political persecution—is difficult and susceptible to competing interpretations.

A quick glance at this Court's docket reveals not only that we have room to consider these issues, but that they are at least as significant as any we have chosen to review today. If indeed the Haitians are to be returned to an uncertain future in their strife-torn homeland, that ruling should come from this Court, after full and careful consideration of the merits of their claims.

I dissent from the Court's decision to deny a writ of certiorari.